# EXHIBIT A

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>JAMES GORDON</u>
**Plaintiff**

V.

<u>NESTLE USA, INC.</u>
**Defendant**

**CASE NO.** CV25124393

**JUDGE** LAUREN C MOORE

# SUMMONS   SUMC  CM

**Notice ID:** 58100965

| From: | JAMES GORDON<br>4064 E. 189 STREET<br>CLEVELAND OH 44122 | P1 |
|---|---|---|

| Atty.: | PATRICIA BRANDT<br>3 SUMMIT PARK DR STE 200<br>INDEPENDENCE, OH 44131-0000 | |
|---|---|---|

| To: | NESTLE USA, INC.<br>CT CORPORATION SYSTEM<br>4400 EASTON COMMONS WAY, SUITE 125<br>COLUMBUS OH 43219-0000 | D1 |
|---|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By _____
**Deputy**

**Date Sent:** <u>09/11/2025</u>

CMSN130

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

JAMES GORDON
**Plaintiff**

V.

NESTLE USA, INC.
**Defendant**

CASE NO. CV25124393

JUDGE  LAUREN C MOORE

# SUMMONS    SUMC  CM

Notice ID:  58100964



| From: | JAMES GORDON<br>4064 E. 189 STREET<br>CLEVELAND OH 44122 | P1 |
|---|---|---|

| Atty.: | PATRICIA BRANDT<br>3 SUMMIT PARK DR STE 200<br>INDEPENDENCE, OH 44131-0000 | |
|---|---|---|

| To: | NESTLE USA, INC.<br>5750 HARPER ROAD<br>SOLON OH 44139 | D1 |
|---|---|---|

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By _____
Deputy

Date Sent: 09/11/2025

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: SERVICE REQUEST**
**September 11, 2025 10:42**

By: SAM ROBB 0099035

Confirmation Nbr. 3612530

JAMES GORDON                                CV 25 124393

vs.
                                            **Judge:** LAUREN C. MOORE
NESTLE USA, INC.

**Pages Filed:** 1



Common Pleas Court of Cuyahoga County, Ohio
**Nailah K. Byrd, Clerk of Courts**

## INSTRUCTIONS FOR SERVICE

James Gordon
Plaintiff(s)

Vs.
Nestle USA, Inc.
Defendants(s)

Case Number _____

Judge: _____

Date: _____

Method of Service Requested:

Certified Mail Service ✔ Ordinary Mail Service ☐ Federal Express Service ☐

Personal Service by the Sheriff of _____ County ___

Residence Service by the Sheriff of _____ County ___

Personal Service By Process Server ___

Residence Service by Process Server ___

Name(s) and Address(es) of Parties to Serve:

Nestle USA, Inc. - 5750 Harper Road, Solon, Ohio 44139

CT Corporation System - 4400 Easton Commons Way, Suite 125, Columbus, Ohio 43219

Additional Instructions:

Filing Party Name: Samuel Robb      Supreme Court ID if applicable: 0099035

Phone Number: 216.291.4744

*For Use by Sheriff or Process Server Only*

Number of Service Attempts: _____

Address for Service if Different from address included above: _____



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
September 11, 2025 10:42

By: SAM ROBB 0099035

Confirmation Nbr. 3612530

JAMES GORDON                                    CV 25 124393

vs.
                                                **Judge:** LAUREN C. MOORE
NESTLE USA, INC.

Pages Filed: 9

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY

| | | |
|---|---|---|
| JAMES GORDON<br>4064 E 189 St.<br>Cleveland, OH 44122<br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>NESTLE USA, INC.<br>5750 Harper Road<br>Solon, OH 44139<br><br>　　**Serve also:**<br>　　CT CORPORATION SYSTEM<br>　　4400 Easton Commons Way, Suite 125<br>　　Columbus, OH 43219<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, James Gordon, by and through undersigned counsel, as his Complaint against Defendant, states and avers the following:

**PARTIES AND VENUE**

1. Gordon is a resident of the city of Cleveland, county of Cuyahoga, state of Ohio.

2. Nestle is a corporation that operates a place of business located at 5750 Harper Road, Solon, OH 44139.

3. Nestle USA, Inc. was at all times hereinafter mentioned, an "employer" within the meaning of R.C. 4112.

4. Personal jurisdiction is proper over Defendants pursuant to R.C. § 2307.382(A)(1) and (4).

5. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

6. All of the material events alleged in this Complaint occurred in Cuyahoga County.

7. Venue is proper pursuant to Civ. R. 3(C)(3) & (6).

8. Within 300 days of the conduct alleged below, Gordon filed a Charge of Discrimination with the Ohio Civil Rights Commission ("OCRC"), against Nestle USA, Inc., operating at 5750 Harper Road, Solon, OH 44139.

9. The OCRC issued and mailed a Notice of Right to Sue letter to Gordon regarding the Charges of Discrimination brought by Gordon against Nestle.

10. Gordon has properly exhausted his administrative remedies pursuant to R.C. § 4112.052(B)(2)(b).

## FACTS

11. Gordon is a former employee of Nestle.

12. Nestle hired Gordon on or around May 21, 2021, as a Cryo-vac Operator.

13. Gordon is male.

14. Gordon is African American.

15. At the time of his termination, Gordon was 65 years of age.

16. Gordon is a member of a protected class based on his race.

17. Gordon is a member of a protected class based on his gender.

18. Gordon is a member of a protected class based on his age.

19. On or around September 13, 2023, Gordon had an issue with the cryo-vac computer.

20. Gordon walked up to Cassandra Almond ("Almond"), put his hand on her shoulder, and asked her to help him with his computer.

21. At all times relevant herein, Almond and Gordon were members of the same work-group.

22. Almond is female.

23. Almond is Caucasian.

24. At all times relevant herein, Almond was under the age of 40.

25. At all times relevant herein,

26. Almond helped Gordon with his computer and left.

27. About five minutes after Almond helped Gordon resolve his computer issues, Gordon was asked to go to Human Resources (HR).

28. HR personnels, Nick Last Name Unknown and Beth Bornino questioned Gordon about him invading Almond's personal space.

29. Gordon explained to HR that he touched Almond's shoulder to get her attention because he needed help.

30. Nick LNU and Bornino asked Gordon if he ever talked about Almond's "pussy" ("Pussy Question").

31. Gordon, in response to the Pussy Question, made it clear that he never spoke about Almond in a sexual manner.

32. Gordon explained to Nick LNU and Bornino the dynamic of the group he worked with, which included Almond.

33. Gordon frequently overheard the other group members' conversations, which were often not suitable for work.

34. A lot of the conversations Gordon's group members had would resolve around Almond loudly telling the group members about sexual activities that occurred between Almond and her boyfriend.

35. Gordon overheard but did not actively participate in the sexual conversations had by his group members.

36. It was also not uncommon for members of Gordon's group to physically touch each other in a appropriate, and friendly manner at work.

37. Despite Gordon's report of inappropriate conduct by Almond and other group members during his HR investigation, HR failed to investigate the rest of the group members.

38. In response to Almond's complaint against Gordon, Nestle only questioned Gordon and Almond.

39. In response to Almond's complaint against Gordon, Nestle did not question any witnesses to the alleged incident.

40. In response to Almond's complaint against Gordon, Nestle did not take any steps to verify the veracity of Almond's complaint.

41. Nestle did not investigate Gordon's complaints of his coworkers engaging in the type of conduct Almond accused him of engaging in.

42. Gordon's work group members were primarily under the age of 40.

43. Gordon's work group members were primarily Caucasian employees.

44. Nestle did not investigate Gordon's complaints of his coworkers engaging in the type of conduct Almond accused Gordon of, because Gordon's coworkers were substantially younger.

45. Nestle did not investigate Gordon's complaints of his coworkers engaging in the type of conduct Almond accused Gordon of, because Gordon's coworkers were Caucasian.

46. Following Gordon's meeting with Nestle Human Resources staff, Nestle immediately suspended Gordon.

47. Nestle only suspended Gordon.

48. Nestle did not punish Almond for the sexually explicit comments she made.

49. The only difference between Almond and Gordon is that Almond is a 35-year-old Caucasian woman and Gordon is a 65-year-old African American man.

50. Following Gordon's meeting with Nestle Human Resources staff, Nestle immediately suspended Gordon.

51. The facts alleged above logically suggest that Nestle treated Gordon differently because of his age, race and gender.

52. On or around September 18, 2023, Nestle terminated Gordon's employment.

53. Nestle terminated Gordon based on the unverified allegations of a younger, Caucasian, female employee.

54. Nestle did not take action in response to Gordon's complaints about his younger, Caucasian, female coworkers.

55. By swiftly suspending and terminating Gordon, while taking no action to investigate or discipline Almond for similar conduct, Nestle treated Almond more favorably than Gordon.

56. Following Gordon's termination, Nestle continued to employ Almond.

57. Nestle's purported reason for Gordon's termination is pretext for discrimination.

58. Nestle did not proffer a legitimate non-discriminatory reason for terminating Gordon.

59. As a result of Nestle's conduct, Gordon suffered, and will continue to suffer damages.

### COUNT I: AGE DISCRIMINATION IN VIOLATION OF OHIO R.C. § 4112.01 *et seq.*

60. Gordon restates each and every prior paragraph of this complaint, as if it were fully restated herein.

61. Gordon was 65 years old at the time of his termination.

62. At all times relevant, Gordon was a member of a statutorily-protected class under R.C. §4112.14(B).

63. Nestle treated Gordon differently from other similarly situated employees based on his age.

64. As of September 18, 2023, Gordon was fully qualified for his position and employment with the Defendants.

65. Gordon, at age 65, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time he was terminated from his employment with Nestle.

66. After terminating Gordon, Nestle replaced Gordon with a person who was significantly younger and/or not belonging to the protected class under R.C. §4112.14(B).

67. Nestle violated R.C. §4112.02 and Ohio R.C. 4112.99 by discriminating against Gordon based on his age.

68. Gordon suffered emotional distress as a result of Defendants' conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

69. As a direct and proximate result of Nestle's conduct, Gordon suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

70. Gordon restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

71. Gordon is a member of a statutorily protected class based on his gender under R.C. § 4112.01 *et seq*.

72. Nestle treated Gordon differently than other similarly situated employees based on his gender.

73. Nestle discriminated against Gordon on the basis of his gender throughout his employment with the company.

74. Nestle terminated Gordon's employment without just cause.

75. Nestle terminated Gordon's employment based on his gender.

76. Nestle's discrimination against Gordon based on his gender violates R.C. § 4112.01 *et seq.*

77. Gordon suffered emotional distress as a result of Nestle's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

78. As a direct and proximate result of Nestle's conduct, Gordon suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

79. Gordon restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

80. Throughout his employment, Gordon was fully competent to perform his essential job duties.

81. Nestle treated Gordon differently than other similarly situated employees based on his race.

82. Nestle violated R.C. § 4112.02(A) et seq. by discriminating against Gordon due to his race.

83. On or about September 18, 2023, Nestle terminated Gordon without just cause.

84. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

85. Defendants terminated Gordon based on his race.

86. Defendants violated R.C. § 4112.01 *et. seq.* when it terminated Gordon based on his race.

87. Gordon suffered emotional distress as a result of Nestle's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq.*

88. As a direct and proximate result of Nestle's conduct, Gordon has suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, James Gordon demands from Defendants the following:

(a) Issue an order requiring Nestle to restore Gordon to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against each Defendant of compensatory and monetary damages to compensate Gordon for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(c) An award of punitive damages against each Defendant in an amount in excess of $ 25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Gordon's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ *Samuel B. Robb, Esq.*
Samuel Robb (0099035)
Patricia Brandt (0099382)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
3 Summit Park Drive, Suite 200
Independence, OH 44131
Phone: (216) 364-1329
Fax:    (216) 291-5744
Email: sam.robb@spitzlawfirm.com
       patricia.brandt@spitzlawfirm.com

*Attorneys For Plaintiff*
*James Gordon*

## JURY DEMAND

Plaintiff James Gordon demands a trial by jury by the maximum number of jurors permitted.

/s/ *Samuel Robb*
Samuel B. Robb, Esq. (0099035)
**SPITZ, THE EMPLOYEE'S LAW FIRM**